O'MALLEY v. TIMES PUB. CO. et al.

(Circuit Court, E. D. Pennsylvania. March 16, 1905.)

No. 24.

MOTIONS—RULE TO SHOW CAUSE—SUFFICIENCY OF MOTION PAPERS.

Under the Pennsylvania practice, an affidavit filed as the foundation for a rule to show cause should contain concise averments of all the necessary facts to make a prima facie case for the relief sought.

At Law. On rule to show cause.

Myles Higgins and Ambrose Higgins, for plaintiff.
D. Stuart Robinson, for defendants.

HOLLAND, District Judge. Suit in this case was brought by O'Malley against the Times Publishing Company and others for libel. After the running of the statute of limitation, it was discovered that the newspaper known as the Philadelphia Times, which had published the libel, was owned and published by the Philadelphia Times Company. The plaintiff, now that the statute of limitations bars his right to bring a new suit, asks the court to permit him to amend the record by substituting the Philadelphia Times Company for the Times Publishing Company. The paper filed upon which this rule was granted was an affidavit of Abram B. Meyers, deputy United States marshal, in which he states that "he did on the sixth day of April, 1903, serve the writ of summons issued in above case upon the Times Publishing Company by handing a true and attested copy thereof to George W. Ochs, who then and there stated that he was vice president of said company; * * * that the service was intended to be upon the officers of the corporation owning and publishing the newspaper known as the Philadelphia Times." In addition to this, there was an ex parte affidavit, which gives very little more information than the affidavit upon which the rule was granted. Being ex parte, however, it cannot be considered, as it is objected to by counsel for the Philadelphia Times Company. At the argument on this rule, counsel for the plaintiff stated that George W. Ochs, upon whom service of the summons was made, is not vice president of the Times Publishing Company, but is vice president of the Philadelphia Times Company, the owner of the Philadelphia Times newspaper at the time the libel was published. Other facts were stated showing how the mistake occurred, and an accounting for the delay in the discovery of the mistake. These statements, however, were not assented to by the opposing counsel, who insisted that they should be established by depositions. It is further to be noted that none of these facts upon which counsel for the plaintiff relied to authorize the court to allow this amendment were stated in the affidavit upon which the rule was granted.

In the practice in Pennsylvania in regard to that class of rules which require an allocatur, the ground must be laid in the affidavit setting forth facts upon which relief is sought. The affidavit or petition, being the foundation of the rule, should contain concise

averments of all the necessary facts to make a prima facie title to the relief sought, but it need not in ordinary cases do more. It is not, therefore, necessary in general to go into all the facts with the same detail as would be required in a deposition, but it will always be safer to err on the side of fullness, rather than to run the risk of failing by the omission of a point which may turn out to be material. Mitchell on Motion and Rules, p. 19. In this case it will be noted that the amendment is urged upon the ground that the proper corporation, to wit, the Philadelphia Times Company, was served through its vice president, George W. Ochs; but there is nothing in the affidavit filed, upon which the rule was granted, to show that George W. Ochs is the vice president of the corporation intended to be served, but, on the other hand, the affidavit states that he represented himself to be the vice president of the Times Publishing Company when the officer served the writ upon him, and there is nothing in the case to establish the contrary, so that, as the record now stands, it shows that the vice president of the Times Publishing Company was served. If, as claimed, however, George W. Ochs is not vice president of the company named in the suit, but is vice president of the Philadelphia Times Company, and it was the intention of the plaintiff to sue that company, and it did serve notice upon its vice president, these facts, together with those stated at the argument, should be properly put in issue, and, if denied, supported by depositions.

The order of the court, therefore, is that the plaintiff shall have 10 days from this date to amend his petition or affidavit in accordance with this opinion.